*1082
 
 OPINION
 

 Per Curiam:
 

 The district court denied appellant John C. Serpa’s (Serpa) petition for a writ of mandamus to compel respondent Washoe County to approve his application for a subdivision. On appeal, Serpa argues that Washoe County exceeded its authority when it denied an application to develop certain property in the Washoe Valley area which the State Engineer had previously approved. We disagree with appellant’s position and affirm the district court’s order.
 

 In 1985, the Washoe County Board of County Commissioners adopted the South Valley Area Plan (SVA Plan) as part of the master plan for development of the entire Washoe Valley area. The SVA Plan contained a detailed analysis of the hydrology affecting Washoe Valley. The SVA Plan recognized that there was an adequate water supply in Washoe Valley to meet the demand:
 

 The hydrologic system is in balance with the present groundwater pumpage. Any substantial increase in groundwater pumpage will result in a modification of the hydrologic system. Such increase may decrease the size of Washoe Lake, lower the water table and/or decrease the stream flow. These impacts will likely impair existing water rights and water use within the plan area.
 

 In light of this finding, the Washoe County Board of County Commissioners adopted SV.3.1, which sought to balance water supply with the demand for water by restricting development of subdivisions with parcels smaller than five acres.
 

 Community Facilities and Services
 

 SV.3.1 .... Applications for zone changes, major project reviews, tentative subdivision maps, parcel maps, and division of land maps should show that the following criteria are met
 
 or satisfactorily mitigated:
 

 c. The current policy of no new parcels or subdivisions of less than 5 acres being created in the East Lake area should be maintained until a new water source is available.
 

 (Emphasis added.)
 

 In 1989, the Nevada Legislature enacted legislation authorizing the creation of the Washoe County Regional Planning Commission (Washoe County RPC) and directing the Washoe County RPC to develop a comprehensive regional plan for the physical development and orderly management of the region’s growth for
 
 *1083
 
 a twenty-year period. NRS 278.0262. The Nevada Legislature directed each local planning commission
 
 [1]
 
 to review and amend its own local water-use plans in light of the relevant regional plan. NRS 278.0278. Anticipating that the Washoe County RPC would adopt a regional plan, the Washoe County Planning Commission began reviewing the SVA Plan. The Washoe County Board of County Commissioners subsequently adopted SV.4.1, which superseded SV.3.1:
 

 SV.4.1 Ensure that applications for zone changes, major project reviews, tentative subdivision maps, parcel maps, and division of land maps show that the following criteria are met:
 

 A. Certificated water rights are utilized in an amount to serve proposed on-site development. This is to be demonstrated to the satisfaction of the Washoe County Planning Commission and the Board of County Commissioners at the time of application.
 

 B. No new parcels or subdivisions of less than five acres will be created in the East Lake area until a new water source is available.
 

 The Washoe County Board of County Commissioners eliminated the language “or satisfactorily mitigated” from SV.3.1.
 

 On March 21, 1991, the Regional Planning Governing Board approved the “Truckee Meadows Regional Plan” (Regional Plan) that the Washoe County RPC had proposed. The Washoe County Board of County Commissioners amended the SVA Plan to conform with the Regional Plan. The Washoe County RPC subsequently approved the SVA Plan after finding that it conformed with the Regional Plan.
 

 County employees were concerned about the true meaning of the term “new water source” as it was employed in SV.4.1. In response to the county employees’ concerns, the Washoe County Board of County Commissioners declared that SV.4.1 required the importation and dedication of new and different water rights from outside the hydrographic basin of Washoe Valley. The Washoe County Board of County Commissioners’ interpretation of SV.4.1 did not permit a holder of certified water rights to develop parcels smaller than five acres merely by using his or her existing water more efficiently.
 

 Having previously received approval from the State Engineer, Serpa filed an application with the Washoe County Planning Commission to develop 201 lots on 236 acres. Rather than offer a
 
 *1084
 
 new water source for the development, Serpa proposed a community water system that, according to Serpa, would utilize the limited water resources more efficiently. The Washoe County Board of County Commissioners denied Serpa’s application because it violated SV.4.1. The Washoe County Board of County Commissioners upheld the Washoe County Planning Commission’s decision. The district court subsequently denied Serpa’s application for a writ of mandamus.
 

 Nevada law “authorize^] and empowers]” county governments to “regulate and restrict the improvement of land” to “promot[e] health, safety, morals or the general welfare of the community.” NRS 278.020(1). To this end, the Nevada Legislature directed any county with a population of over 25,000 people to create a planning commission that would propose and'adopt comprehensive long-term plans. NRS 278.030; NRS 278.150. Nevada law also authorizes county governments to divide their regions into zoning districts, in which they may regulate development and use. NRS 278.250(1). Most significantly, Nevada law demands that a county adopt zoning regulations that “preserve the quality of air and water resources” and “promote health and general welfare.” NRS 278.250(2)(a), (i).
 

 Nevada law clearly directs county governments to maintain the quality of our natural resources and protect the public health by adopting long-term comprehensive plans for rational development and growth and rejecting any development proposals inconsistent with the relevant regional plan or the. public welfare objectives underlying it.
 
 See
 
 NRS 278.250; NRS 278.0278. County governments are vested with discretion to the extent that a county government can independently define “orderly physical growth and development.” NRS 278.230(1). We believe that such discretion necessarily includes the ability of a county government to determine water availability for itself.
 

 In the immediate case, Washoe County complied fully with its legal obligation to adopt a long-term comprehensive plan (the SVA plan) and to reject a proposal that was not in the public interest because it did not comport with the plan. The SVA Plan prohibited the creation of any lots less than five acres because such development would “decrease the size of Washoe Lake, lower the water table and/or decrease the stream flow” and would “likely impair existing water rights and water use within the plan area.” Serpa bore the burden of proving that the Washoe County Board of County Commissioners’ local planning and zoning enactments were invalid because they were unnecessary to public
 
 *1085
 
 health, safety and welfare. Coronet Homes, Inc. v. McKenzie, 84 Nev. 250, 439 P.2d 219 (1968). Serpa failed to meet this burden.
 

 Serpa urges this court to overrule the Washoe County Board of County Commissioners’ decision on the ground that it is arbitrary. The Washoe County Board of County Commissioners’ decision would be upheld if it were supported by substantial evidence. Nova Horizon v. City Council, Reno, 105 Nev. 92, 769 P.2d 721 (1989). The record contains substantial evidence showing that Serpa’s proposed project would impact negatively the quantity and quality of the water supply around East Washoe Lake. Furthermore, given that Washoe County’s long-term comprehensive plan prohibited the creation of new parcels of less than five acres in East Washoe Lake area, the Washoe County Board of County Commissioners would have acted arbitrarily if it in fact granted Serpa’s application. We believe that the Washoe County Board of County Commissioners did not act arbitrarily because its decision was supported by substantial evidence and conformed with Washoe County’s long-term comprehensive plan and Nevada law.
 

 Serpa also argues that Washoe County was precluded from refusing his application because the State Engineer possesses exclusive authority to control water rights. There is no state law indicating that the ruling of the State Engineer preempts a county or other governmental entity from enacting zoning laws that impose limitations on water use that are more restrictive than those of the State Engineer. As we discussed above, Nevada law directs county and local governments to administer water use and regulate land development in accordance with a long-term comprehensive plan. County and local governments can place more burdensome restrictions on growth and development as long as those restrictions are consistent with the relevant long-term comprehensive plans, Nevada law, and notions of public welfare.
 

 We agree with the district court that Serpa is not entitled to a writ commanding the granting of the application; accordingly, the district court’s order is affirmed.
 

 [1]
 

 In this case, the local planning commission was the Washoe County Planning Commission.